UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

FEB 2 5 2026

Nathan Ochsner, Clerk of Court

26 CV 1552

| | |
|---|---|
| RENEE JACKSON | § |
| PLAINTIFF | § |
| VS. | § |
| | § |
| | § |
| MEMORIAL HERMAN HOSPITAL | § |
| SOUTHEAST AT ASTORIA / | § |
| MAUREEN SEMPLE-HIRSCH | § |
| DEFENDANT | § |
| | § |

# **HOSPITAL ABUSE AND NEGLECT RESULTING IN DEATH**

To the Honorable Judge in said court:

Plaintiff Renee Jackson begs and pleads to the mercy of the United States District Court Southern District of Texas to allow this suit to be petitioned in court. The doctors, nurses, and hospital staff at Memorial Hermann Hospital Southeast ignored plaintiff Renee Jackson's Power of Attorney over her sister Van Michelle Jackson. This fact resulted in the unsafe insertion of a PEG (Percutaneous Endoscopic Gastrostomy) tube that caused plaintiff's sister Van Michelle Jackson to vomit violently on her

liquid food and caused her heart to stop. Plaintiff was against the PEG tube and used her Power of Attorney documents dated from February 8, 2008 and an updated Durable Power of Attorney December 2025 to continue making safe decisions on behalf of her sister in her vegetative state. The POA was rejected by ICU doctor, Dr. Enash Moodley, who alerted all medical staff team to not accept the POA for the entire duration plaintiff's sister was admitted at Memorial Hermann Hospital Southeast at 11800 Astoria Blvd. Houston, Texas 77089 from November 5, 2025 until her death December 22, 2025. The medical team for the hospital went to deceased's children to sign consent forms for unsafe and dangerous treatments while deceased was still in the healing process. Maureen Semple-Hirsch has been the contact for the hospital.

## BACKGROUND

Plaintiff Renee Jackson filed a grievance against Memorial Hermann Hospital Southeast when her sister fell out of a hospital bed and was found on the floor in her room by charge nurse Elizabeth (she never gave her last name stating hospital policy) and Elizabeth claims she doesn't know how long plaintiff's sister had been on the floor. This happened July 23rd of 2025. Before the fall, upon admittance to the hospital, plaintiff's sister was walking with a cane and was still able to speak a little although she was speech impaired due to a 2007 stroke. This incident was reported to Sheena Williams (Patient Relations) who promised to file the grievance but told deceased sister that she had the right to make daily reports on the hospital's complaint portal Ethicspoint. Plaintiff Renee Jackson has placed numerous complaints for the care and concern for her sister Van Michelle Jackson's safety but no one ever responded to those complaints. The Ethicspoint portal (Case #945-061-779-501) was discovered to be false and plaintiff Renee Jackson has a copy of those complaints directly from the portal Ethicspoint. During those times and all others when

plaintiff Renee Jackson would take her sister to Memorial Hermann Hospital Southeast her Power of Attorney had never been questioned or demanded.

Plaintiff Renee Jackson noticed around 1am in the morning that her sister Van Jackson was having problems breathing and called 911 November 5, 2025. Plaintiff administered CPR compressions on her sister until the EMT arrived and took over. Before the EMT took plaintiff's sister to Memorial Hermann Hospital Southeast, plaintiff Renee Jackson was relieved when the EMT told her that her sister was breathing again and on her own with a strong pulse and good blood pressure. By the time plaintiff arrived at hospital she was told that her sister was in ICU and that she should consider placing her sister Van Jackson in hospice care. This information was told to plaintiff by Dr. Enash Moodley. When plaintiff Renee Jackson was consulted by another doctor saying her sister's tests came back the same before the hospital and no brain damage or scars that she was just heavily sedated; plaintiff addressed the new concern with Dr. Enash Moodley and asked him to take Van Jackson off the sedation to see what would happen. Dr. Enash Moodley got upset and asked for plaintiff's Power of Attorney over her sister. When plaintiff presented the documents, they were rejected by the doctor and hospital staff. Another doctor at the hospital weaned plaintiff's sister off sedation and her sister opened her eyes and was breathing on her own without a ventilator.

## ARGUMENTS

1. Plaintiff Renee Jackson filed a grievance against Memorial Hermann Hospital Southeast for an injury fall concerning her sister Van Michelle Jackson.
2. Sheena Williams (Patient Relations for the

hospital) filed the report. (See pages 44-46)

3. Plaintiff Renee Jackson was given a false website for the hospital called Ethicspoint with case #945-061-779-501 and made numerous complaints but no one ever responded on the portal and never called plaintiff to address her concerns for the safety of her sister Van Michelle Jackson. (See pages 32-36)

4. Plaintiff Renee Jackson's Power of Attorney was rejected by the hospital, doctors, nurses, social workers, directors, and legal team. (See pages 26-31; 47-49; 50-51)

5. Plaintiff has suffered emotional pain and anguish not being able to make safe decisions on behalf of her sister.

6. Plaintiff was given Power of Attorney by decease's daughter Melissa Menny (last name Jackson at the time) February 8, 2008 and an updated Power of Attorney (signed by Melissa Menny again) for December 2025 with state laws and regulations (included in document and signed by a notary but current documents were still refused by the hospital. (See pages 26-31; 50-51)

7. Melissa Menny and Vanessa Jackson (decease's daughters) arrived at hospital and verified in front of Dr. Enash Moodley, social worker, and Dany (decease's nurse) that plaintiff Renee Jackson did have Power of Attorney over Van Michelle Jackson but hospital doctors, staff, and Jessica Kopaz still rejected the old Power of Attorney and the updated Power of Attorney. (See pages 26-31; 50-51)

8. Hospital doctors and nurses called decease's daughters Melissa Menny and Vanessa Jackson to sign for unsafe treatments to deceased/patient Van Michelle Jackson and ignored plaintiff's pleas not to do so until deceased healed properly.
9. Plaintiff was told by nurses that deceased had bed sores but refused to show plaintiff due to rejection of Power of Attorney.
10. Plaintiff reported these health issues and concerns on behalf of deceased by reporting to APS (Adult Protection Services, (case #80825702 and #80861967) and to Texas Health and Human Services case #1056544 and the Health and Human Services Ombudsman with tracking numbers A-10132025.0100069 and A-01122026.0130160. (See pages 59-69)
11. Dr. Enash Moodley rejected plaintiff Renee Jackson's Power of Attorney to make safe decisions for her sister Van Michelle Jakson while in a vegetative state from starting date November 5, 2025 and caused conflicts between plaintiff and hospital staff and family members which ultimately led to plaintiff's sister's death due to neglect and abuse and unsafe and inaccurate decisions relating to decease's health and safety. (see pages 26-31; 50-51)
12. Dr. Enash Moodley kept deceased Van Michelle Jackson in a medically induced coma state by heavy sedation and never read the EMT report from the Southeast Volunteer Department who reported that Patient Van Michelle Jackson was returning to normal and breathing on her own upon arrival at Memorial Hermann

Hospital Southeast. Dr. Enash Moodley ignored this report and placed patient Van Michelle Jackson unnecessarily on life-support and ventilator when patient was breathing on her own, normal blood pressure and normal signs of CT and MRI scans indicating no brain damage. (See pages 52-56)

13. Dr. Enash Moodley suggested plaintiff Renee Jackson place her sister Van Michelle Jackson in hospice care when patient was just heavily sedated and couldn't respond.
14. Dr. Enash Moodley showed anger and distaste when plaintiff Renee Jackson asked him to take sister off heavy sedation and demanded Power of Attorney papers but rejected them in order to do unsafe treatments and misdiagnoses on plaintiff's sister.
15. Memorial Hermann Hospital Southeast has not honored plaintiff Renee Jackson's request for medical records from Sheena Williams July 23rd of 2025 and records from Shayla Preston December 22, 2025 (date of patient's death) that were promised to her. (See pages 44-46)
16. Decease's children did not care about their mother and rushed to have her cremated without letting deceased's sister plaintiff Renee Jackson know. (See page 41)
17. Memorial Hermann Hospital Southeast discharged deceased a few days after receiving PEG tube December 19th of 2025 without orders of medication, skilled nursing, or liquid food. December 22, 2025 (the day Van Michelle Jackson died) there

was only one bag of liquid food left in her room at hospital for take home. Nothing else was ordered.

## CONSTITUTIONAL RIGHTS

Plaintiff Renee Jackson was ignored by the hospital and staff trying to protect her sister Van Michelle Jackson. Ethicspoint was false and no one from hospital addressed plaintiff's concern for her sister. Plaintiff started taking pictures and collecting evidence against the hospital when they ignored her Power of Attorney and the Adult Protection Services couldn't investigate plaintiff's concern for her sister being she was in the hospital and went against the state's policy for jurisdiction. Plaintiff Renee Jackson is exercising her right to file her case as a United States citizen, under the United States Constitution, the Fourteenth Amendment, the Third Chapter of the Fifth Amendment, the Civil Rights Act of 1964, Under 42 U. S. C. Section 1983, and Pursuant to 28 U. S. C. 1331 and 1332 on behalf of her deceased sister Van Michelle Jackson with the Power of Attorney given to her by deceased's daughter Melissa Menny from February 8, 2008 to current Power of Attorney 2025 due to neglect, medical misjudgment and abuse that led to the death of Van Michelle Jackson by incompetent and careless doctors and staff at Memorial Hermann Hospital Southeast.

## RELIEF

Plaintiff Renee Jackson is willing to negotiate with an appropriate offer but is asking for $5,000,000.00 for the death of her sister Van Michelle Jackson, for the separation, mental and emotional anguish suffered by the doctors, nurses, and staff at Memorial Hermann Hospital Southeast.

I.  **PRAYER**

Plaintiff Renee Jackson is praying for the mercy of the court and has just cause for opening a case against Memorial Hermann Hospital Southeast and requests that her case be heard by a jury trial with all evidence presented. Praying for justice and a fair trial.

Respectfully submitted,

*Renee Jackson*

Renee Jackson

Plaintiff

P.O. Box 607

Pearland, Texas 77588

Rjgarner530@yahoo.com

832-756-1503

Plaintiff: Renee Jackson/ Pro se Litigant

Address: P.O. Box 607
            Pearland, Texas 77588
Phone Number: 832-756-1503
Email: Rjgarner530@yahoo.com
Attorney: No

Defendant/Hospital/Contact: Maureen Semple-Hirsch
Address: 929 Gessner
25th Floor
Houston, Texas 77024
Phone number: 713-242-2419
Email: maureen.semple-hirsch@memorialhermann.org